# HIGHT *v.* RICHMOND PARK IMPROVEMENT COMPANY.

---

APPEAL AND ERROR; SPECIAL APPEALS; WRIT OF PROHIBITION.

1. The discretion reposed in this court in the matter of allowing special appeals on application from interlocutory decrees is exercised in those cases where the essential grounds of the action or defense may be determined on the pleadings, and thus much delay and expense in taking testimony may be avoided by a hearing on an appeal from such order.

2. Where this court granted a special appeal from an order denying a motion to dismiss a bill in equity, and it thereafter appeared that between the dates of the order and the application for the special appeal, the cause had proceeded to final hearing on its merits, in which hearing the appellant had participated, and that the court below had announced its intention to enter a final decree for the plaintiff, the special appeal was dismissed as having been improvidently granted, and a rule which this court had issued against the lower court to show cause why that court should not be prohibited from entering a final decree was discharged.

No. 3028.   Submitted December 5, 1916.   Decided January 2, 1917.

MOTION to dismiss a special appeal from an order of the Supreme Court of the District of Columbia denying a motion to dismiss a bill in equity.

The COURT in the opinion stated the facts as follows:

This is a special appeal, allowed October 7, 1916, from a decree denying a motion to dismiss a bill in equity.

The bill filed April 28, 1916, by the Richmond Park Improvement Company, named as defendants C. B. Hight, Charles A. Valentine, G. Pitts Raleigh, Charles H. Buck, trustee, Maryland Title Company, the New Amsterdam Casualty Company, James E. Edmunds, and S. V. Kemp, trustees.

The bill alleges that plaintiff is a corporation organized under the laws of Virginia and owns in fee certain lots in Richmond park, a suburb of Washington, District of Columbia. In order to secure the construction of twelve (12) distinct residences on lots in said park, plaintiff entered into a contract with C. A. Hight whereby certain lots in said park were subdivided into twelve lots. The said twelve lots to be delivered by plaintiff free of encumbrance on which the said Hight was to build twelve separate houses at a cost of not less than $5,000 each, and he was to have the right to place on each building a loan not to exceed four fifths of the cost of the contemplated improvements. That said Hight should pay for said lots 35 cents per square foot in promissory notes to be executed by a so-called "straw man," secured by a second deed of trust on said lots after the said building loan. It was further provided that, after the houses were erected, said lots and houses should be sold, and said Hight should receive from the cash payments on each house the sum of $1,000, which amount he was to put in each building over and above the $4,000 builders' lien, and was also to receive certain notes of purchasers. Said Hight undertook the erection of said houses, which were to cost not less than $5,000 each. Hight designated Charles A. Valentine as the "straw man" to whom plaintiff should convey said lots, and who was to execute his deed of trust to secure the building

loan thereon. Plaintiff delivered the deed to said Valentine for the twelve lots, free of encumbrance, and said deed has been recorded. That afterwards the said Valentine executed a deed of trust to Raleigh and Buck, trustees, to secure H. E. Karr an indebtedness of $48,000, represented by said Karr's notes for $4,000 each, which deed of trust was recorded November 15, 1915, and represents the proposed building loan of $4,000 each on said houses. At the same time said Valentine executed a second deed of trust, conveying said lots to Edmunds and Karr, trustees, to secure the plaintiff for the debt of $20,842, the same being the purchase price of said property which Hight had agreed to pay plaintiff. Said deed of trust has been recorded.

Thereupon said Valentine conveyed the said lots to Clarence B. Hight. Deed was recorded November 18, 1915. Defendant Hight commenced the construction of said houses, some of which are near completion.

Plaintiff learned for the first time about March 1, 1916, that the said houses in course of construction would cost far less than $5,000 each, and that plaintiff would practically have no security for the purchase price of the said lots by reason of the inferiority of the value of said houses. Plaintiff, however, inquired into the cost of construction of said houses, and found that when completed they will cost not more than $3,550 each. That the said Hight, notwithstanding his contract and representation, had no intention whatever of building houses costing $5,000 each, but intended to build cheap houses not costing $4,000 each, and intended to appropriate to his use and advantage the difference between the cost of said houses and the amount of the building loan of $4,000 each. To that end he procured said loan through said Valentine, and it was his intention when the said houses were completed at a cost of less than $4,000 each, to permit the lien of said trustee to be foreclosed, leaving plaintiff without security for the payment of the purchase price of said lots. That said Hight has for years been engaged in building houses in the District, and knew that said houses when erected would cost about $3,500 each, and that his promise to erect houses at a cost of not less than $5,000 each

was falsely and fraudulently made to influence plaintiff to enter into said contract. That the purpose of said Hight was to obtain $450 each for said houses from said loan, which, if consummated, would deprive plaintiff of the value of his second trust deed for the purchase money of said lots. That the houses are about complete, and the advances made upon said building loan have been more than sufficient to pay cost of the same, but defendant Hight expects to receive from said Maryland Title Company through the defendant New Amsterdam Casualty Company on April 29, 1916, unless restrained, the balance of said loan. That if permitted to receive said value the said Hight will not use the same to complete said houses, but will appropriate it to his own use. That said Hight entered into an agreement with said Karr whereby the said Karr was to apply to the Maryland Title Company for a builders' loan to be advanced on said houses; and it was agreed between said Hight and Karr and Valentine that Valentine should execute his twelve notes of $4,000 each to said Karr, which said notes should be indorsed by Karr to the Maryland Title Company, which would discount the same and advance the money thereon. That defendant Hight could not have procured as much as $4,000 each to be used according to his plans, without pledging the credit of Karr, who is financially responsible, and the said Maryland Title Company advanced money on the credit of said Karr, but the said Maryland Title Company, however, required of said Hight and Karr, before it would receive said notes and advance the building loan of $4,000 each per house that said houses when completed should be free from all mechanics' liens, and that it be protected by a bond of a surety company conditioned upon the completion of said houses free of all liens. That the said Amsterdam Casualty Company agreed to execute such a bond, provided said $48,000 should be paid to and disbursed by it for the parties, and said New Amsterdam Casualty Company has now in its possession the unexpended balance of such building loan which has not heretofore been paid to said Hight, the exact amount of which is not known to plaintiff, but which it believes is in excess of the amount needed

to finish said houses. That Valentine is insolvent. That plaintiff is the owner and holder of his said notes for the said $20,-842.50. That if defendant Hight is permitted to carry out his scheme the same will result in a loss to plaintiff of the entire purchase price of said lots, and the said Hight is insolvent. Plaintiff prays that Hight be restrained from receiving from the defendants Karr and Maryland Title Company and New Amsterdam Casualty Company, any part of said sum, and that they be restrained from paying to him the balance on said $48,-000 loan; and that the same be paid to a receiver and applied under the direction of the court. That Hight be enjoined from prosecuting the construction of said houses, and from using the same, and for a final decree against Hight for the damages sustained by plaintiff. It is also alleged that plaintiff is ready and willing, upon the payment of the sum due it, to transfer and assign to said Hight the purchase money notes and the deed of trust securing the same.

Upon the filing of said bill a temporary restraining order was granted against all of the defendants as prayed.

May 5, 1916, Hight filed a motion to dismiss the bill, on the ground that the plaintiff had no power to enter into such contract, and the same is against public policy; that plaintiff's remedy, if any, was at law. The motion was heard by Mr. Justice Anderson, who filed an opinion on May 11, 1916, in which he discussed the grounds of the motion and held against the contention of said Hight, but no decree was entered upon said opinion.

Mr. Justice Anderson became ill after May 11, and was unable to sit further in the cause. Later the present counsel for plaintiff, discovering that there had been no formal decree entered by Mr. Justice Anderson upon said motion, prepared one which was forwarded to Mr. Justice Anderson, signed and returned by him, and filed in the record July 8, 1916, *nunc pro tunc* as of May 11, 1916.

This application for special appeal was made thereafter in July, 1916, but, the court not then being in session, it was not presented and allowed until October 9, 1916.

Plaintiff has filed a motion to dismiss the appeal, claiming that it was allowed without knowledge of the facts occurring after the entry of said decree, which should have been made known to the court. Subsequent proceedings were had pending the application and after its allowance. The case proceeded on its merits before Justice McCoy, who announced that he would enter a decree sustaining the bill and granting relief to plaintiff. Before the entry of this decree, Hight applied to this court for an order to said justice to show cause why he should not be prohibited from further proceeding to enter a final decree which, it was alleged, would have the effect to destroy the fund remaining in the hands of the Maryland Title Company and the New Amsterdam Casualty Company, and prejudice plaintiff's interest.

The rule to show cause upon said petition was issued, and reply has been made thereto by the said justice. It appears from the motion to dismiss and the return made to said petition, that, Mr. Justice Anderson being ill and unable to hold the equity court, Justice McCoy was assigned thereto; that on May 24, 1916, the counsel then representing plaintiff and counsel for defendant Hight appeared before the justice on May 24, 1916, stating that Mr. Justice Anderson was too ill to proceed in said cause, and it was agreed by the court that it would be heard as soon as reached on the calendar. On the same day it was indicated by the court that a hearing on the modification of the restraining order would not be had. Mr. Justice McCoy declined to hear the question as it had been passed on by Mr. Justice Anderson, and it was agreed that the cause should be heard finally on its merits, the defendant Hight having answered the bill. The hearing then began. Testimony was taken on two days, and the hearing was adjourned to May 31st, owing to the illness of the trial justice. Upon his return the hearing was resumed on June 26. In the meanwhile, the original counsel for the plaintiff withdrew from the case, and on June 19 other counsel made appearance for plaintiff. Counsel for plaintiff objected then to a continuation of the hearing on

June 26, on account of the state of the pleading, but the hearing continued over objection of plaintiff, and continued into July 14. On that date Mr. Justice McCoy announced his decision that plaintiff was entitled to recover damages, and there only remained a question of computation which was to be made. It was after this announcement that the special appeal was applied for.

*Mr. Daniel W. O'Donoghue* for the motion.

*Mr. Dan Thew Wright* and *Mr. T. Morris Wampler* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We have not undertaken to state the proceedings in the cause after said appeal in detail, but enough to show that the hearing had proceeded to final hearing and the justice had announced his intention to enter a decree for the plaintiff, and that this hearing was participated in by the appellant, at whose instance it had been begun.

Had these facts been known to us, the special appeal would not have been allowed. Having been improvidently granted, the motion to dismiss will be sustained.

The discretion reposed in this court in the matter of allowing special appeals on application from interlocutory decrees is exercised in those cases where the essential grounds of the action or defense may be determined on the pleadings, and thus much delay and expense in taking testimony may be avoided by a hearing on an appeal from such order.

As the testimony has all been taken and the cause is ready for the entry of final decree, this hearing would be useless, and would add to the delay and cost. It is useless, therefore, to hear it. When the final decree shall have been entered against the appellant, Hight, as indicated that will be the result, he

would have an appeal therefrom, in which all the questions of issue may be determined.

The appeal is dismissed, with costs.　　　　*Dismissed.*

The petition of the appellant for the writ of prohibition, referred to in the foregoing opinion at p. 588 and which was docketed as No. 18 on the special calendar, was dismissed on the 2d day of January 1917, Mr. Chief Justice SHEPARD delivering the opinion of the Court:

Having dismissed the special appeal in this case, the rule to show cause granted in this cause is discharged and the petition for a writ of prohibition dismissed, with costs.